IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL J.G. SAUNDERS,**

    Plaintiff,

v.                                                                   Civil Action No. **3:10CV258**

**RIVERSIDE REGIONAL JAIL,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Michael J.G. Saunders, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). For example, in the present action the Court deems Saunders to claim that he was denied the constitutional right to reasonable access to the courts. If Saunders contends that the defendants' conduct violated some other constitutional provision, he must submit an appropriate amended complaint in accordance with the instructions set forth below.

## Summary of Allegations and Claims

Between August 31, 2009 and February 24, 2010, Saunders was incarcerated at Riverside Regional Jail ("RRJ"). (Am. Compl. (Docket No. 22) ¶ 10.) He was assigned to the "special management" section, which is essentially segregation. (*Id.*) During this time, Saunders was denied physical access to RRJ's law library. (*Id.*) Saunders admits, however, that RRJ staff would copy legal materials for him when he requested it. (*Id.*; *see generally* Am. Compl. Attachs.)

Saunders claims that because he was denied access to the law library, "he was hindered, impeded, and prevented from litigating his Habeas Corpus petition, styled Saunders v. Commonwealth, case # CL09HC-2677; a petition for Writ of Mandamus, styled Saunders v. Commonwealth, case # CL09W-3046"; and other actions, all of which he lost. (Am. Compl.

3

¶¶ 12-13.) Saunders also complained to RRJ officials that he needed to use the law library to determine, *inter alia*, if he had a cause of action for the denial of dental care. (Am. Compl. Attach., at 1A-4.) Saunders requests an award of $200,000 from each Defendant. (Am. Compl. ¶¶ 22-23.)

## Analysis

Prisoners have a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right can be vindicated "either by providing prisoners with adequate law libraries or with adequate assistance from persons trained in the law." *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (*citing Bounds*, 430 U.S. at 828); *Alley v. Angelone*, 962 F. Supp. 827, 837 (E.D. Va. 1997) (holding that "[s]tates need not provide both law libraries and advisors" to fulfill their constitutional obligations (*citing Smith v. Bounds*, 813 F.2d 1299, 1302 (4th Cir. 1987)); *Williams v. Leeke*, 584 F.2d 1336 (4th Cir. 1978)). Furthermore, in order to plead a backward-looking denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996).

Although Saunders identifies the nature of the underlying causes of action—petition for writ of habeas corpus, petition for a writ of mandamus, and denial of dental care, for example—Saunders fails to address them with "allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416 (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-15 (2002)). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than

4

hope." *Id.* Here, Saunders merely names the kinds of cases he has lost and only expounds to the extent that he mentions that he suffered from an infection in his mouth. Saunders's complaint, then, does "not come even close to stating a constitutional claim for denial of access upon which relief could be granted." *Id.* at 418. Accordingly, it is RECOMMENDED that Saunders's action be DISMISSED.

Saunders is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Saunders wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Saunders must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Saunders.

And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 3-22-11
Richmond, Virginia

5