IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL J.G. SAUNDERS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:10CV258–HEH
)
RIVERSIDE REGIONAL JAIL, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing § 1983 Action)

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**
    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-

pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). For example, in the present action the Court deems Saunders to claim that he was denied the constitutional right to reasonable access to the courts. If Saunders contends that the defendants' conduct violated some other constitutional provision, he must submit an appropriate amended complaint in accordance with the instructions set forth below.

## Summary of Allegations and Claims

Between August 31, 2009 and February 24, 2010, Saunders was incarcerated at Riverside Regional Jail ("RRJ"). (Am. Compl. (Docket No. 22) ¶ 10.) He was assigned to the "special management" section, which is essentially segregation. (*Id.*) During this time, Saunders was denied physical access to RRJ's law library. (*Id.*) Saunders admits, however, that RRJ staff would copy legal materials for him when he requested it. (*Id.*; *see generally* Am. Compl. Attachs.)

Saunders claims that because he was denied access to the law library, "he was hindered, impeded, and prevented from litigating his Habeas Corpus petition, styled Saunders v. Commonwealth, case # CL09HC-2677; a petition for Writ of Mandamus, styled Saunders v. Commonwealth, case # CL09W-3046"; and other actions, all of which he lost. (Am. Compl. ¶¶ 12-13.) Saunders also complained to RRJ officials that he needed to use the law library to determine, *inter alia*, if he had a cause of action for the denial of dental care. (Am. Compl. Attach., at 1A-4.) Saunders requests an award of $200,000 from each Defendant. (Am. Compl. ¶¶ 22-23.)

## Analysis

Prisoners have a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). This right can be vindicated "either by providing prisoners with adequate law libraries or with adequate assistance from persons trained in the law." *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (*citing Bounds*, 430 U.S. at 828); *Alley v. Angelone*, 962 F. Supp. 827, 837 (E.D. Va. 1997) (holding that "[s]tates need not provide both law libraries and advisors" to fulfill their constitutional obligations (*citing Smith v. Bounds*, 813 F.2d 1299, 1302 (4th Cir. 1987)); *Williams v. Leeke*, 584 F.2d 1336 (4th Cir. 1978)). Furthermore, in order to plead a backward-looking denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996).

Although Saunders identifies the nature of the underlying causes of action—petition for writ of habeas corpus, petition for a writ of mandamus, and denial of dental care, for example—Saunders fails to address them with "allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416 (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-15 (2002)). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* Here, Saunders merely names the

kinds of cases he has lost and only expounds to the extent that he mentions that he suffered from an infection in his mouth. Saunders's complaint, then, does "not come even close to stating a constitutional claim for denial of access upon which relief could be granted." *Id.* at 418. Accordingly, it is RECOMMENDED that Saunders's action be DISMISSED.

(March 22, 2011 Report and Recommendation.)

The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation ("R&R") of the magistrate judge. Plaintiff filed an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint is a longer and more detailed version of his original complaint. For example, Plaintiff explains that the issues he was unable to research include "jurisdiction, venue, standing, exhaustion of remedies, proper parties, plaintiff and defendant and the types of relief available." (Am. Compl. 5; *see also id.* at 13.) Because of this, Plaintiff explains that "his initial habeas petition did not contain such relevant facts such as necessary to state a cause of action for habeas corpus relief." (*Id.* at 5.)

Plaintiff further explains that if he had access to the prison's law library, he could have identified claims such as:

> Plaintiff's criminal trial attorney was ineffective for: Not filing a discovery motion; not advising him that the Commonwealth's evidence was legally insufficient to prove his guilt; Not objecting to the prosecution as voilative [sic] of the Fourteenth Amendment; Not objecting on the basis of selective prosecution; not objecting to the prosecution as vindictive; Not objecting that Virginia's sodomy statute is void for vagueness; not objecting to the Virginia sodomy statute as overbroad.

(*Id.* at 6.) Plaintiff also contends that the denial of access to the law library "prevented him from rebutting the States argument, or even reviewing the seemingly authoritative citations in a timely manner, nor was he able to file or investigate a reply." (*Id.* at 6.)

Plaintiff makes similar arguments regarding his petition for mandamus. Specifically, Plaintiff argues that he did not name the proper defendant when he filed his mandamus petition, which resulted in the action's dismissal. (*Id.* at 7.)

5

## IV. ANALYSIS

The Magistrate Judge's analysis applies with equal force to Plaintiff's Amended Complaint. As the Magistrate Judge noted, in order to plead a backward-looking denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351–53 & n.3 (1996). In Plaintiff's Amended Complaint, he fails to address the predicate claims with "allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416 (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-15 (2002)). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.*

The most specific allegation Plaintiff raises is that he was unable to name the correct defendant in his mandamus petition. Plaintiff does not provide any additional facts regarding his mandamus petition. For example, Plaintiff fails to identify who the correct defendant was, and he fails to explain how adequate legal research would have revealed the appropriate defendant's identity.

Plaintiff also makes conclusory allegations about claims he could have raised in his habeas petition regarding the effective assistance of counsel. For example, Plaintiff contends that his attorney should have argued that insufficient evidence existed to convict Plaintiff. Plaintiff has not coupled such contentions with sufficient factual support to

demonstrate the arguable nature of the underlying claim. *Christopher*, 536 U.S. at 416 (*citing Swierkiewicz*, 534 U.S. at 513–15). Because Plaintiff does not adequately identify a non-frivolous legal claim that he was prevented from litigating, Plaintiff's claims will be dismissed.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint and the action will be dismissed. The Clerk will be directed to note the disposition of the action for the purposes 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

                                         /s/
                          Henry E. Hudson
                          United States District Judge

Date: Sept. 16, 2011
Richmond, Virginia