IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL J.G. SAUNDERS, )
)
    Plaintiff, )
v. ) Civil Action No. 3:10CV258–HEH
)
RIVERSIDE REGIONAL JAIL, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

By Memorandum Opinion and Order on September 19, 2011, this Court dismissed Plaintiff's Amended Complaint for failure to state a claim upon which relief could be granted. *Saunders v. Riverside Reg'l Jail*, No. 3:10CV258–HEH, 2011 WL 4369127, at *4 (E.D. Va. Sept. 9, 2011). The matter now comes before the Court on Plaintiff's motion for relief under Federal Rule of Civil Procedure 59(e).[1] In his Rule 59(e) motion, Plaintiff requests that the Court alter or amend its order of dismissal in order to provide him an opportunity to further amend his Complaint to comply with the standards articulated by the Court in its September 19 Memorandum Opinion.[2]

### I. STANDARD OF REVIEW

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Relief under Rule 59(e) is

---

[1] Plaintiff also submitted a Motion for Leave to File an Amended Complaint on September 23, 2011 (Dk. No. 35.), but moved to withdraw that Motion on October 11, 2011.

[2] Plaintiff submits a Proposed Amended Complaint with his Rule 59(e) Motion. (Dk. No. 36–1.)

appropriate only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). "In other words, it is a means by which the district court can correct its own mistakes, thereby 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Patterson v. Kaine*, No. 3:08CV490, 2010 WL 2232410, at *1 (E.D. Va. June 1, 2010) (quoting *Pac. Ins. Co.*, 148 F.3d at 403).

"'[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (alteration in original) (quoting *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)). Accordingly, when a party seeks to amend his complaint after judgment has been entered, he must satisfy Rule 59(e) before being permitted to amend under Rule 15(a). *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("Rule 15(a) and Rule 59(e) motions rise and fall together."). Leave to amend under Rule 15(a) "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

## II. ANALYSIS

Plaintiff's present motion does not demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Rather, Plaintiff asserts merely that failure to correct this Court's September 19 Order would result in a manifest injustice, "because it

2

would cause [Plaintiff] to suffer a 'strike' under 28 U.S.C. 1915(g), which is very stigmatizing." (Pl.'s Mot. 6.) Simply put, Plaintiff has not raised any grounds that justify reconsideration of this Court's prior judgment.

Further, even if Plaintiff's Rule 59(e) motion were granted, this Court would deny Plaintiff leave to amend under Rule 15(a). In order to state a cognizable denial of access claim, a prisoner must show (1) that he suffered an actual injury—namely, that he was somehow precluded from pursuing a "nonfrivolous" or "arguable" underlying claim; and (2) that he lacks any other "remedy that may be awarded as recompense" for the lost claim other than in the instant suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Expounding upon this latter element, the Supreme Court has explained that there is "no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id.*

Here, Plaintiff contends that, by denying him physical access to the law library while incarcerated at the Riverside Regional Jail, Defendants interfered with his ability to properly litigate (1) the ineffective assistance of counsel claims contained in his *state* habeas corpus petition, and (2) the denial of adequate medical care claim alleged in his *state* petition for a writ of mandamus. Yet Plaintiff is currently seeking a *federal* writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court and the Fourth Circuit. *See Saunders v. Clarke*, No. 3:11cv170, Docket Nos. 48, 51 (E.D. Va.). He is also presently litigating in this Court his claim for denial of adequate medical care. *See Saunders v. Smith*, No. 3:09cv815, Docket No. 1 (E.D. Va. filed Dec. 23, 2009). Under these

3

circumstances, Plaintiff has failed to identify any remedy available in the instant case which "may be awarded as recompense but [is] not otherwise available in [Petitioner's habeas case]." *Christopher*, 536 U.S. at 415. Accordingly, Plaintiff has not plausibly alleged a constitutional claim for denial of access upon which relief could be granted.

Because even his Proposed Amended Complaint does not "allege facts sufficient to state all the elements of his claim," Plaintiff's proposed amendment would be futile. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see also Burns v. AAF–McQuay, Inc.*, 166 F.3d 292, 294–95 (4th Cir. 1999). Thus, contrary to Plaintiff's contention, refusal to permit the amendment of Plaintiff's previously dismissed complaint will not work a manifest injustice. *See Smith v. Waverly Partners, LLC*, No. 3:10–CV–28, 2011 WL 3564427, at *3 (W.D.N.C. Aug. 12, 2011) ("In the context of a motion to reconsider, manifest injustice is defined as 'an error by the court that is direct, obvious, and observable.'") (quoting *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480 n. 1 (D.S.C. 2007)). Having failed to satisfy the standards for relief under Rules 59(e) and 15(a), Plaintiff's Motion must be denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                        /s/
                               HENRY E. HUDSON
Date: June 13, 2012          UNITED STATES DISTRICT JUDGE
Richmond, Virginia

4